UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-01632- JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR A SECOND EXTENSION OF TIME<br><br>(Doc. 20) |

　　　　On September 18, 2015, the parties filed a stipulation to extend time for Plaintiff to file an opening brief. (Doc. 20) Importantly, the scheduling order in this action allows for "a *single* thirty (30) day extension" by stipulation of the parties. (Doc. 7 at 4, emphasis added) This extension was used previously by Defendant's counsel, who requested an extension of time on April 16, 2015. (Docs. 12-13) Next, Plaintiff's counsel requested an extension of time to file an opening brief, asserting she was "in the process of resolving a backlog in her workload." (Doc. 18 at 1) The Court reminded the parties that "beyond the single thirty-day extension, 'requests to modify [the scheduling] order must be made by written motion and will be granted only for good cause.'" (Doc. 19 at 2, quoting Doc. 7at 4) The Court granted the extension requested, but cautioned Plaintiff that "no further extensions will be granted without the showing of exceptionally good cause." (Doc. 19 at 2)

　　　　Despite this warning, Plaintiff's counsel, Ms. Forslund, filed a stipulation of the parties for a

second extension of time to file an opening brief in this action.[1] Ms. Forslund asserts the second extension of thirty days is necessary because she "is in the process of resolving a backlog in her workload." (Doc. 20 at 1)  Notably, Ms. Forslund has continually reported having a "backlog" to the Court when seeking extensions of times in recent matters before the Court for nearly a year.[2]  The Court finds Ms. Forslund fails to demonstrate exceptionally good cause, let alone good cause, for a second extension of thirty days to file an opening brief in the matter.

Plaintiff's counsel is reminded that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).  Nevertheless, in the interest of justice for her client, the Court will grant an extension of time for Ms. Forslund to prepare and file an opening brief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's request for a second extension of time is **GRANTED IN PART**; and
2. Plaintiff **SHALL** file an opening brief no later than **October 9, 2015**.

**<u>Plaintiff's counsel is cautioned that absolutely no further extensions of time will be granted in this matter.</u>**

IT IS SO ORDERED.

Dated:   **September 21, 2015**          /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court previously explained, the proper procedure for requesting a further extension of time is by a written motion —not a stipulation.  Thus, the request is procedurally defective.

[2] The Court notes that Plaintiff's counsel reported in October 2014 that she "recently experienced prolonged health problems that caused a backlog in her workload." *Mitchell v. Colvin*, Case No. 1:14-cv-00238-SMS (Doc. 14) Since that time, she has frequently reported having a "recent" illness that caused a backlog of cases, and affected her ability to comply with the Court's scheduling orders.  *See, e.g.*, *Lopez v. Colvin*, Case No. 1:14-cv-00495-JLT (Doc. 17) (requesting extensions of time in November 2014 and December 2014); *Martinez v. Colvin,* Case. No. 1:14-cv-01548-SMS (Doc. 17) (in seeking the first two extensions of time, Ms. Forslund reported in May 2015 that she had "recently" experienced health problems causing a backlog in her workload).  The Court presumes she has suffered additional illnesses that have impacted her ability to timely file these briefs on her clients' behalves.